**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re:*<br><br>PITTSBURGH ATHLETIC ASSOCIATION, *et al*[1]<br><br>*Debtors,* | Jointly Administered at:<br>Case No. 17-22222-JAD<br><br>Bankruptcy Case Nos:<br>17-22222-JAD, and<br>17-22223-JAD |
| PITTSBURGH ATHLETIC ASSOCIATION, *et al,*<br>*Movant,*<br>v.<br><br>ALLEGHENY VALLEY BANK OF PITTSBURGH AND OAKLAND FIFTH AVENUE HOTEL ASSOCIATES, LP,<br>*Respondents.* | Chapter 11<br><br>Related Doc. Nos.: 20, 89 and 109.   and 217 |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364 AND 507, FED. R. BANKR. P. 2002, 4001 AND 9014 AND LOCAL RULE 4001-2 (I) AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO OBTAIN FIRST PRIORITY AND PRIMING POST-PETITION FINANCING, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (III) GRANTING RELATED RELIEF**

THIS MATTER came before the Court upon the above captioned Debtors' Expedited Motion for Entry of an Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 364 and 507, Fed. R. Bankr. P. 2002, 4001 and 9014 and Local Rule 4001-2: (I) Authorizing Debtors and Debtors-in-Possession to Obtain First Priority and Priming Post-Petition Financing; (II) Granting Liens and Super-Priority Claims; and (III) Granting Related Relief as filed by Debtors on May 31, 2017 [Docket No. 20] (the "Motion").[2]

WHEREAS, this Court held a hearing on June 2, 2017 to consider interim approval of the Motion (the "Interim Hearing").

WHEREAS, on June 8, 2017, this Court entered an Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 364 and 507, Fed. R. Bankr. P. 2002, 4001 and 9014 and Local Rule 4001-2: (I) Authorizing

---

[1] The Debtors have the following case pending Pittsburgh Athletic Association, Case No. 17-22222-JAD and the Pittsburgh Athletic Association Land Company, Case No. 17-22223-JAD, both cases are being jointly administered under Case No. 17-22222-JAD (the "Cases").

[2] Capitalized terms not otherwise defined in this Order shall have the meaning given to them in the Motion.

Debtors and Debtors-in-Possession to Obtain First Priority and Priming Post-Petition Financing; (II) Granting Liens and Super-Priority Claims; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief (the "Motion") as filed by Debtors on May 31, 2017 [Docket No. 89] (the "Interim DIP Order").

WHEREAS, pursuant to the Interim DIP Order this Court scheduled a hearing to consider final approval of the Motion for July 11, 2017 (the "Final Hearing").

WHEREAS, On June 22, 2017, this Court approved the Joint Stipulation and Consent Order by and Between the Official Committee of Unsecured Creditors of the Pittsburgh Athletic Association and the Pittsburgh Athletic Association Land Company, Allegheny Valley Bank of Pittsburgh Pennsylvania and Oakland Fifth Avenue Hotel Associates, LP Regarding Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 364 and 507, Fed. R. Bankr. P. 2002, 4001 and 9014 and Local Rule 4001-2: (I) Authorizing Debtors and Debtors-in-Possession to Obtain First Priority and Priming Post-Petition Financing; (II) Granting Liens and Super-Priority Claims; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief (the "Motion") as filed by Debtors on May 31, 2017 [Docket No. 109] (the "Joint Stipulation").

WHEREAS, on July 11, 2017, and continued on July 18, 2017, this Court held the Final Hearing to consider the Motion.

**AND NOW**, **to wit, this** 3rd **day of August, 2017**, this Honorable Court, having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that adequate and sufficient notice of the Motion having been given, and that no other or further notice need be given; and the Court having reviewed the Motion; and upon the Declaration of James A. Sheehan, filed contemporaneously with the Motion, and the record of the Interim Hearing and the Final Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and after

due deliberation appearing therefore this Court enters this final order (the "Final Order") and makes the following Findings of Fact and Conclusions of Law, relative to the Motion:

A. Petition Date. On May 30, 2017 ( the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court").

B. Debtors in Possession. The Debtors have continued in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C. Jurisdiction and Venue. This Court has jurisdiction over the Cases, the Motion, the parties and property affected hereby pursuant to 28 U.S.C. §§157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Notice. Proper, timely and adequate notice of the Motion has been provided in accordance with all applicable Bankruptcy Code sections, the Bankruptcy Rules and the Local Rules.

E. Pre-Petition Obligations. Subject to the provisions of Paragraph 12 below:

(i) Allegheny Valley Bank of Pennsylvania ("AVB"): the Debtors are indebted to AVB pursuant to the AVB Loan Documents in the amount of $2,163,201.56, as of the Petition Date.

(ii) Oakland Fifth Avenue Hotel Associates, LP ("OFAHA"): the Debtors are indebted to Oakland Fifth pursuant to the OFAHA Loan Documents in the amount of $2,034,763.68, as of the Petition Date.

F. Alternatives to DIP Financing Unavailable. The Debtors were unable to obtain unsecured financing, alternative post-petition financing through credit allowable as an administrative expense or secured by liens on assets junior to or *pari-passu* to those of the Pre-Petition Secured Lenders.

G. DIP Financing. The DIP Financing, as outlined in the Motion, is critical to the Debtors' maintaining and preserving their businesses and properties. Debtors engaged in good faith, arms-length negotiations with JDI Loans, LLC (the "DIP Lender") to negotiate the DIP Financing. The DIP Financing is being made in good faith as that term is used in 11 U.S.C. § 364(e).

Based upon the foregoing Findings of Fact and Conclusions of Law, the Motion and the record before the court and after due consideration and good and sufficient cause,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that:

1. <u>Financing Approved</u>. The Motion is granted and the Financing as set forth in the Motion is authorized and approved in the amount of $750,000 (the "<u>Loan Amount</u>"), subject to the terms and conditions set forth in the DIP Term Sheet (attached to the Motion), the DIP Loan Documents (attached to this Final Order as Exhibit A), the Interim Order, the Joint Stipulation and this Final Order, except that the DIP Term Sheet and DIP Loan Documents are modified as follows:

   a. *<u>Interest Reserve:</u> At closing, Borrower will be obligated to escrow, with lender, an amount to satisfy the Loan's debt services for the first six (6) months of the Initial Term, in the amount of $45,000. Thereafter, on the first business day to follow the 180th day of the Initial Term, Borrower will be obligated to escrow an additional $45,000.*

   b. *<u>Lender's Fee:</u> Borrower shall pay the Lender the following fee in the aggregate of 3 1/3% of the Loan Amount, payable as follows: Upon interim approval of the Loan by the Bankruptcy Court and distribution of the Initial Distribution Amount of $200,000, Borrower shall pay a fee of $8,000. Upon final approval of the Loan by the Bankruptcy Court, the Borrower shall pay the Lender an additional fee of $17,000.*

   c. *<u>Security:</u> The Loan will be secured by a recorded, super-priority lien on the Property to be evidenced by a Mortgage and an Assignment of Rents and Leases limited only to any and all Leases executed by the Borrower after May 30, 2017.*

2. All objections to this Final Order to the extent not withdrawn, waived, settled or resolved are hereby denied and overruled.

3. <u>DIP Obligations</u>. The DIP Loan Documents, the Interim Order, the Joint Stipulation and this Final Order shall constitute and evidence of the validity and binding effect of the Debtors' DIP Obligations, which shall be enforceable against the Debtors, their estates and any successors thereto.

4. <u>DIP Lien</u>. Effective immediately upon entry of this Final Order, pursuant to sections 361, 362, 364(c) and 364(d) of the Bankruptcy Code, the DIP Lender shall have a first position priority lien (the "<u>DIP Lien</u>") on certain real estate and improvements thereon owned by Pittsburgh Athletic

Association Land Company located at 4215 Fifth Avenue, Pittsburgh, Pennsylvania and 5126 - 5130 Bigelow Boulevard, Pittsburgh, Pennsylvania, all leases and rents as to any leases executed by the Debtors after the Petition Date and as more fully described in the DIP Loan Documents(the "DIP Collateral"). The Debtors are authorized to execute any and all documents to effectuate the DIP Lien in and upon the DIP Collateral.

5.  DIP Lien Priority. Subject to Paragraph 7 below, the DIP Lien is valid, non-avoidable, senior in priority and superior to any security, mortgage, collateral interest, lien or claim held on or against the DIP Collateral. *The rights of the Debtors, the DIP Lender and OFAHA with respect to the Ground Lease are reserved and preserved. Nothing in this Final Order shall constitute a determination of any issue with respect to such rights of the Debtors, the DIP Lender and OFAHA with respect to the Ground Lease; provided however, the DIP Lender acknowledges and agrees that the interim DIP Lien shall not be superior or prior to the Ground Lease, the Parking Lot Easement, and any recorded amendments thereto, or other property interests conveyed of record prior to the Petition Date related to the Pittsburgh Athletic Association Land Company's real property located at 4215 Fifth Avenue and 5130 Bigelow Boulevard, Pittsburgh, Pennsylvania (i.e. leasehold interests, easements, etc.). However, the DIP Lender does not contest issues related to the right to receive rents under the Ground Lease at this time for the purposes of the relief granted by way of this Order, and the DIP Lender has consented to proceed to have the within Final Order entered and to fund the DIP Financing.*

6.  Super-priority Claim. Subject to Paragraph 7 below, upon entry of this Final Order, the DIP Lender is hereby granted, pursuant to section 364(c)(1) of the Bankruptcy Code, an allowed super-priority administrate expense claim in each of the Cases for all unpaid DIP Obligations owed under the DIP Loan (the "Super-Priority Administrative Claim").

7.  Chapter 5 Actions Excluded. Any and all claims and/or causes of action arising under Chapter 5 of the Bankruptcy Code in each of the Cases and any and all proceeds and/or recovery thereunder (the "Chapter 5 Actions"), are excluded from the DIP Lien and the DIP Lien shall not attach

to and/or otherwise encumber the Chapter 5 Actions. Further, the Super-Priority Administrative Claim of the DIP Lender shall not be paid from, attach to and/or otherwise encumber Chapter 5 Actions.

8. <u>Use of Proceeds of DIP Loan</u>. From and after the Petition Date, the Debtors may use the proceeds of the DIP Loan, to the extent of availability, in accordance with the Budget attached hereto as Exhibit B.

9. <u>Modification of the Automatic Stay</u>. The automatic stay imposed under section 362(a)(2) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of the Interim Order and this Final Order. Notwithstanding anything in the DIP Loan Documents to the contrary, upon any default of the Interim DIP Order, the Final DIP Order and/or the DIP Loan Documents, the DIP Lender shall be entitled to file an expedited motion for relief from the automatic stay seeking relief from stay to enforce its rights under the Interim Order, the Final Order and/or the DIP Loan Documents. All parties' rights are reserved in respect of any defense, challenge, contest and/or objection relative to said motion for relief from stay as applicable under the Bankruptcy Code and Bankruptcy Rules, including contest, objection, and/or challenge as to whether a default has occurred.

10. <u>Further Requests for DIP Financing</u>. The Debtor shall be permitted to request under Section 364 of the Bankruptcy Code, and/or other applicable provisions of the Bankruptcy Code and Bankruptcy Rules, that this Court approve additional debtor-in-possession financing/credit with all parties' rights reserved, including the DIP Lender's, regarding such request. Any request by the Debtors for additional debtor-in-possession financing/credit shall not constitute a default under the DIP Loan Documents. DIP Lender shall have the right of first offer to provide terms and conditions for additional financing to the Debtors in the event that the Debtors require same. Upon receipt of DIP Lender's offer to provide additional financing, any party may provide an alternate offer for terms of additional financing to be considered by the Debtors. Any additional financing remains subject to Bankruptcy Court approval.

11. <u>Default</u>. Notwithstanding anything in the DIP Loan Documents to the contrary, the Debtors': (i) actions in marketing themselves and/or their assets, including the DIP Collateral, for sale, investment, joint venture and/or other similar transaction; and/or (ii) efforts in regard to, and the actual

filing of, a restructuring and/or liquidation plan in these Cases, shall not constitute a default under the DIP Loan, and all parties rights are reserved relative to any sale, restructuring and/or liquidation plan.

12.    <u>Rights of Creditors and Interested Parties, Including the Committee</u>.  The Findings of Fact and Conclusions of Law set forth above in Paragraph (E)(i) and (ii), or any agreement by and between the Debtors and AVB and/or OFAHA, shall be without prejudice to the rights of the Debtors, creditors and/or parties-in interest, including the Official Committee of Unsecured Creditors of Pittsburgh Athletic Association and Pittsburgh Athletic Association Land Company (the "<u>Committee</u>"), to investigate, file and to prosecute, if necessary: (i) any contest, dispute, claim, cause of action (including Chapter 5 Actions), objection and/or similar proceeding relating to the validity, priority, amount and/or extent of any claims and/or liens of AVB and OFAHA against the Debtors and/or its assets (the "<u>Claim Challenge</u>").  The Debtors, creditors and/or parties-in-interest, including the Committee, shall commence any such action against AVB and/or OFAHA under this paragraph 12 on or before ninety (90) days from the date of entry of this Final Order (the "<u>Claim Challenge Period</u>").  By entry of this Final Order, and after discussion on the record held during the Final Hearing, the Committee is hereby granted standing, when applicable and in the event that the Debtors chose not to pursue such Claim Challenge, to pursue any Claim Challenge on behalf of the Debtors and their bankruptcy estates.   If no Claim Challenge is brought within the Claim Challenge Period, the Findings of Fact and Conclusion of Law contained in Paragraph (E)(i) and (ii) above shall become binding upon the Debtors, creditors and/or parties-in-interest, including the Committee.  The Debtors and/or the Committee may seek to extend the Claim Challenge Period by the filing of a motion with this Court on or before the Claim Challenge Period deadline (the "<u>Motion to Extend Claim Challenge Period</u>").  Upon the filing of the Motion to Extend Claim Challenge Period, the Claim Challenge Period is extended until such time as the Motion to Extend Claim Challenge Period has been heard by this Court.

13.    <u>Inconsistencies</u>.  To the extent there are any inconsistencies by and between this Final Order, the DIP Loan Documents and/or the Interim Order, this Final Order shall control in all respects.

14. <u>Retention of Jurisdiction</u>.  The Court has and will retain jurisdiction to enforce the terms of, any and all matters arising from or related to the DIP Financing and/or the Interim Order and/or the Final Order.

15. <u>Prepetition Assignment of Leases and Rents</u>.  Nothing in this Final Order, this Interim Order, the DIP Loan Documents, or the Motion shall effect the rights of AVB under its Assignment of Leases and Rents, or its pre-petition exercise thereof.  OFAHA shall continue to pay AVB rent as due according to the terms of the Ground Lease and AVB's Assignment of Leases and Rents.

SO ORDERED by the Court on this 3rd, day of August, 2017.

**JEFFERY A. DELLER**
Chief U.S. Bankruptcy Judge

sjk

FILED
8/3/17 2:05 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA