**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>PITTSBURGH ATHLETIC ASSOCIATION, *et al.* [1],<br>    *Debtors.* | Jointly Administered at:<br>Bankruptcy No. 17-22222-JAD<br><br>Bankruptcy Nos:<br>17-22222-JAD, and<br>17-22223-JAD |
| PITTSBURGH ATHLETIC ASSOCIATION,<br><br>    *Movant,*<br>v.<br><br>A.J. DEMORS & SONS, INC., ALLEGHENY COUNTY HEALTH DEPARTMENT, AMERICAN GEOSCIENCES, INC., CITY AND SCHOOL DISTRICT OF PITTSBURGH, COCA-COLA REFRESHMENTS, DUQUESNE LIGHT COMPANY, FRANCIS J. NOWALK ARTWORK, INTERNAL REVENUE SERVICE, OAKLAND FIFTH AVENUE HOTEL ASSOCIATES LP, PENNSYLVANIA DEPARTMENT OF REVENUE, PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY, PITT AA, LLC, PITTSBURGH WATER AND SEWER AUTHORITY, STEFFAN INDUSTRIES, THE BLANCHE TRUST, UNITE HERE HEALTH, LOCAL 57, US FOODS, INC.,<br>    *Respondents*. | Chapter 11<br><br>Doc. No.<br><br><br><br>Hearing: January 30, 2018 at 10:00 AM<br><br>Responses Due: January 22, 2018 |

**DEBTORS' MOTION FOR ORDER AUTHORIZING PUBLIC AUCTION SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363 AND 105, <u>FED. R. BANKR. P. 4001 AND 6004 AND LOCAL RULE 6004-1</u>**

---

[1] The Debtors have the following cases pending Pittsburgh Athletic Association, Bankruptcy No. 17-22222-JAD and the Pittsburgh Athletic Association Land Company, Bankruptcy No. 17-22223-JAD, both cases are being jointly administered under Case No. 17-22222-JAD.

1

The Pittsburgh Athletic Association (the "**PAA**") and the Pittsburgh Athletic Association Land Company (the "**PAALC**" and collectively with the PAA, the "**Debtors**"), file this Motion for Order Authorizing the Public Auction Sale of Personal Property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 363 and 105, Fed. R. Bankr. P. 4001 and 6004 and Local Rule 6004-1. The Debtors represent as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1337.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 363 and 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (as amended; hereinafter the "**Bankruptcy Code**"), Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Local Rules**").

## BACKGROUND

5. On May 30, 2017 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**") at the above-captioned case numbers.

6. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee or examiner has been appointed.

8. On June 5, 2017, the Court entered an Order approving the joint administration of the Debtors' cases under Case No. 17-22222-JAD [Doc. No. 77].

9. On June 8, 2017, the Office of the United States Trustee formed the Official Committee of Unsecured Creditors (the "**Committee**") [Doc. No. 91].

10. Additional information regarding the Debtors' businesses and the circumstances leading to the commencement of the cases are set forth in the Declaration of James A. Sheehan, sworn to and filed on the Petition Date [Doc. No. 15].

11. The PAALC is the owner of (1) certain land and improvements thereon located at 4215 Fifth Avenue in the City of Pittsburgh, Allegheny County, Commonwealth of Pennsylvania, being designated as Lot 1 in the Pittsburgh Athletic Association Plan of Lots, as the same was recorded with the Department of Real Estate of Allegheny County, Pennsylvania, on December 23, 2008 at Plan Book Volume 264, Page 70, bearing tax parcel identification number 27-R-138 (the "**Club Parcel**"); and (2) certain land between Bigelow Boulevard and Lytton Avenue adjacent to the Club Parcel being designated Lot 2 in the Pittsburgh Athletic Association Plan of Lots, bearing tax parcel identification number 27-R-110 (the "**Hotel Parcel**" and together with the Club Parcel, the "**Real Property Assets**").

12. Debtors, in their business judgment, have elected to sell the remaining equipment, fixtures and related items located at the Club Parcel (the "**Auction Property**") which is more specifically identified on the Auction Property Inventory attached hereto as **Exhibit "A"**.

13. Based on the Debtors' books and records and the Claims Registry, the following parties may hold secured claims against the Debtors and/or liens in the Auction Property[2]:

- A.J. Demors & Sons, Inc.,
- Allegheny County Health Department,
- American Geosciences, Inc.,

---

[2] The listing of the Respondents as lienholders is for notice purposes only and does not constitute an acquiescence or admission by the Debtors as to the existence or validity of the Respondents' liens or their secured status. The Debtors reserve all rights and remedies to object to any claim filed in these bankruptcy cases or otherwise challenge the secured status of any and all of the Respondents.

3

- City and School District of Pittsburgh,

- Coca-Cola Refreshments,

- Duquesne Light Company,

- Francis J. Nowalk Artwork,

- Internal Revenue Service,

- Oakland Fifth Avenue Hotel Associates LP,

- Pennsylvania Department of Revenue,

- Pennsylvania Department of Labor and Industry,

- PITT AA, LLC,

- Pittsburgh Water and Sewer Authority,

- Steffan Industries,

- The Blanche Trust,

- Unite Here Health, Local 57, and

- US Foods, Inc.

14. Debtors believe that the highest and best value for the Auction Property will be generated via a public auction.

15. On December 22, 2017, the Debtors filed a Joint Chapter 11 Plan of Reorganization (the "**Plan**") [Doc. No. 418], a Joint Disclosure Statement (the "**D/S**") [Doc. No. 419] and a Joint Chapter 11 Plan Summary (the "**Plan Summary**" and together with the Plan and D/S, the "**Plan Documents**").

16. On December 28, 2017, the Court entered an Order setting a hearing on the approval of the D/S for February 6, 2018. *See* Document No. 429.

17. The Plan provides for the sale of the Auction Property to facilitate the Debtors' reorganization efforts. Specifically, the sale of the Auction Property will enable the Debtors to fulfill

4

the proposed 100% distribution to the General Unsecured Creditors class, full payment of Allowed Unpaid Administrative Claims, and will allow the Reorganized Debtor to retain the remaining proceeds from the sale of the Auction Property to further the Debtors' reorganization efforts. *See* Plan §§ I, Document No. 418.

18. Contemporaneous with this Motion, the Debtors filed an Application to employ Fred Peters Auctioneers, LLC (the "**Auctioneer**") as auctioneer for the Debtors to run the sale of the Auction Property that the Debtors propose to take place by way of a public auction held on or about February 17, 2018 at the Club Parcel (the "**Auction Sale**").

<u>RELIEF REQUESTED</u>

19. By this Motion, the Debtors request authority to conduct the Auction Sale free and clear of all liens claims and encumbrances pursuant to section 363(f), Bankruptcy Rules 4001 and 6004 and Local Rule 6004-1.

20. Section 363 provides in relevant part that the Debtors "after notice and a hearing, may sell, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Pursuant to section 363(d), if the debtor is not a moneyed business the Debtors "may only sell property in accordance with non-bankruptcy law applicable to the transfer of property by a debtor that is such a corporation." *Id.* at § 363(d).

21. Here, the PAA is a non-profit organization organized under the laws of the Commonwealth of Pennsylvania. Pursuant to Pennsylvania Law, in summary, unless provided otherwise in the bylaws of the non-profit entity, no court approval or consent of members shall be required in order for the Debtors to sell the Auction Property. *See* 15 Pa. C.S.A. § 5546. The PAA Bylaws contain no limitation or required approval prior the Debtors selling personal property such as the Auction Property.

BANK_FIN:579313-1 032279-180169

22. Furthermore, in summary, when a non-profit corporation is in bankruptcy, the corporation may participate in any proceedings provided for under Title 11 and/or necessary to put into effect a plan or reorganization. *See Id.* at § 5903(b). Here, the proposed Auction Sale is authorized under section 363 and is a necessary step to assist in funding the Plan.

23. Out of the abundance of caution, the Board of Directors of the PAA has proposed and will adopt resolutions authorizing the sale of the Auction Property. A true and correct copy of the proposed Resolutions are attached hereto as **Exhibit "B"**, which will be filed upon Board adoption.

24. Section 363(f) provides, in relevant part, that the Debtors may sell the Auction Property, free and clear of any entity's interest in the Auction Property other than the estates only if:

    (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2) such entity consents;

    (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4) such interest is in bona fide dispute; or

    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

25. The Debtors have served the within Motion on the above captioned respondents (the "**Respondents**"), who may hold secured claims against the estate which may be secured by the Auction Property.

26. Accordingly, the Debtors believe that the parties with interests in the Auction Property have consented to the Auction Sale or, prior to the hearing on this Motion, will consent to the Auction Sale.

27. The proceeds of the Auction Sale, after payment of the expenses of conducting the Auction Sale, will be held in escrow by the Debtors' court approved Financial Advisor, Gleason &

Associates, P.C., for further distributions in accordance with the terms of the Plan after confirmation and consummation thereof.

28. The Debtors believe that the best interests of their estates and creditors will be served by authorizing the sale of the Auction Property free and clear of all third party interests, liens, claims, charges and encumbrances against the same, specifically including but not limited to those of all parties named as respondents. Specifically, absent the Auction Sale, retaining the Auction Property would provide little to no benefit to the Respondents or the estates and their other creditors as those assets would likely deteriorate and further diminish in value before being monetized. Furthermore, retaining the Auction Property through the redevelopment of the Club Parcel will cost the estates and Reorganized Debtor unnecessary costs of moving, storing and insuring the Auction Property at an offsite location.

29. The approval of the Auction Sale as set forth herein will allow the Debtors to convey the Real Property Assets free from personal property not to be included in the sale of the Sale Assets[3], as contemplated by the Plan, and will allow for a smooth transition and prompt commencement of the redevelopment process.

30. The Auction Sale satisfies the good faith requirements set forth by *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986), as the sale is being duly advertised as set forth below and the Auction Sale will be in the format of a public auction with open bidding throughout.

31. The Auction Sale will comply with the requirements of Local Rule 6004-1 as follows:

    a. The Debtors will post the required notice and information of the Auction Sale on the Court's EASI website pursuant to Local Rule 6004-1(c)(1);

---

[3] Sale Assets has the meaning ascribed to it in the Plan at Doc. 418, which includes the Real Property Assets and the Ground Lease, as defined thereon.

    b. The Debtors will advertise the Auction Sale in the Pittsburgh Post Gazette, the Greensburg Daily News as well as in the Pittsburgh Legal Journal pursuant to Local Rule 6004-1(c)(2). The Auction Sale and Auction Property will also be listed and advertised on the Auctioneer's website at: http://fpauctioneers.com/, also the Auctioneer will send bulk emails as well as conduct Face Book promotions; and

    c. The Debtors will file the required Proofs of Publication upon receipt thereof as required by Local Rule 6004-1(c)(3).

## **WAIVER OF THE STAY PROVIDED UNDER BANKRUPTCY RULE 6004(h)**

32. In addition to the relief sought as set forth above, the Debtors seek waiver of the 14 day stay provided for in Bankruptcy Rule 6004(h), as cause exists to grant this waiver in the interests of concluding the Auction Sale in a timely manner in order to allow the Debtor to consummate the sale of the Sale Assets and the Chapter 11 Plan.

WHEREFORE, the Debtors request this Honorable Court enter an order authorizing the public Auction Sale of the Auction Property free and clear of all liens claims and encumbrances and grant such further relief as is just and proper.

                                              Respectfully Submitted,

                                              TUCKER ARENSBERG, P.C.

Dated: January 5, 2018        By:   */s/ Jordan S. Blask*
                                               Jordan S. Blask, Esquire
                                               Pa.I.D. No. 308511
                                               Sloane B. O'Donnell, Esquire
                                               Pa. I.D. No. 321295
                                               1500 One PPG Place
                                               Pittsburgh, PA  15222
                                               Phone: (412) 594-1212
                                               jblask@tuckerlaw.com
                                               sodonnell@tuckerlaw.com